872

**AGROCOMPLECT AD, Appellant**

v.

**REPUBLIC OF IRAQ, Appellee.**

No. 07–7181.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 14, 2008.

Rehearing En Banc Denied Jan. 16, 2009.

Before: GINSBURG, GARLAND, and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of counsel. This court has determined that the issues occasion no need for a published opinion. *See* D.C.CIR. RULE 36(b). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

In 1984, Agrocomplect, a Bulgarian corporation, and the Republic of Iraq entered into a contract that called for the provision of engineering and construction services in Iraq. Agrocomplect alleges, inter alia, that it performed its obligations under the contract but that Iraq failed to pay the agreed upon consideration. After Agrocomplect brought suit in the district court seeking damages for breach of contract, Iraq filed a motion to dismiss the lawsuit on the ground that the court lacked subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C.

§§ 1330, 1602–1611 (2000). The district court granted Iraq's motion and we now affirm.

Relying on *Republic of Argentina v. Weltover, Inc.,* 504 U.S. 607, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992), Agrocomplect argues first that subject matter jurisdiction exists under the FSIA because its case is "based upon ... an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). Agrocomplect points to two agreements between the Central Bank of Iraq and the Bulgarian Foreign Trade Bank under which the Bulgarian bank was to finance the U.S. dollar portion of certain construction contracts between Bulgarian companies and Iraq. The Central Bank of Iraq was then to repay the Bulgarian bank by depositing funds in its New York bank account. Although the agreements of these two foreign banks may require payment in the United States, Agrocomplect has failed to allege a relationship between their agreements and its contract with Iraq. It has not shown that payments under its contract with Iraq were supposed to pass through an American bank, as *Weltover* requires. *See Goodman Holdings v. Rafidain Bank,* 26 F.3d 1143, 1146–47 (D.C.Cir.1994) (holding that under *Weltover,* a foreign sovereign's breach of contract did not cause a "direct effect" in the United States because no "United States location was designated as the 'place of performance' where money was 'supposed' to have been paid").

Agrocomplect also argues that subject matter jurisdiction exists because the case falls within the FSIA's exception to immunity for an arbitration agreement that "is or may be governed by a treaty or other international agreement in force for the United States calling for the recogni-

tion and enforcement of arbitral awards." 28 U.S.C. § 1605(a)(6)(B). Although the contract between Agrocomplect and Iraq provides that disputes between the parties in connection with the contract will be referred to arbitration, it also vests in Iraqi courts exclusive jurisdiction over all proceedings arising out of the contract and states that such proceedings shall be construed according to Iraqi law. Iraq was not a signatory to any international agreement calling for the recognition and enforcement of arbitral awards, and Iraqi law in effect during the term of the contract required that Iraqi courts confirm all Iraqi arbitral awards. As such, the contract does not permit the agreement or award to be governed by a treaty or international agreement in force for the United States, and therefore the FSIA's arbitration exception to immunity does not apply.

We have considered and rejected Agrocomplect's remaining arguments.

The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* D.C.CIR. RULE 41.